UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JESSIE MULLINS                                                                                             PLAINTIFF

v.                                            CIVIL ACTION NO. 3:17-CV-P128-JHM

AARON SMITH *et al.*                                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jessie Mullins, a prisoner presently incarcerated in the Kentucky State Reformatory (KSR), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1). The Court has granted Plaintiff leave to proceed *in forma pauperis*. This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss KSR and the claims against it and dismiss the official-capacity claims for monetary damages against Defendants Smith, St. Clair, and Ballard. The remaining failure-to-protect claims will proceed against Defendants Smith, St. Clair, and Ballard.

**I. SUMMARY OF CLAIMS**

Plaintiff identifies the following four Defendants in this action: (1) KSR; (2) Aaron Smith, the Warden at KSR; (3) Travis St. Clair, Sr., a Captain at KSR; and (4) Rodney Ballard, the Commissioner of the Kentucky Department of Corrections (KDOC). Plaintiff sues Defendants in their individual and official capacities. Plaintiff seeks monetary damages, punitive damages, recovery of costs, and to be "[p]rotect[ed] from Assault."

Plaintiff describes himself as having "one leg or limb missing" and being "medically disabled." He states that on the morning of December 9, 2016, two "Caucasian inmate's assaulted [him] with a wooden cane's while [he] was sleeping in [his] bed in the DAL Dorm A,

bed 9." According to Plaintiff, one cane used in the assault broke in half and was left on the floor. Plaintiff states that it was "ultimately discovered" that the cane belonged to "the Next door inmate." Plaintiff states that his "assailants took that cane and assaulted [him] with it." According to Plaintiff, during the assault another inmate started yelling which alerted Unit Administrator (UA) Grieves prompting him to inquire as to what happened. Plaintiff represents that he informed UA Grieves that he had been assaulted and showed UA Grieves his bleeding head. Plaintiff states that he was taken to the segregation medical unit, treated, and had pictures taken of his head, and he was then released back to his "bed area."

Plaintiff states that the "DAL does not have hourly security supervision because of 220 Guards are short at KSR." Specifically, according to Plaintiff, there are no guards on duty in the DAL dorm on Friday and Saturday. Plaintiff states that general population inmates "walk freely in and out of the DAL without impairment." Plaintiff contends that this lack of guards places him and other inmates "at high risk to be assaulted."

Plaintiff states that on December 23, 2016, he filed a grievance about the lack of security and the fact that he had been assaulted. Apparently in response to the grievance, Defendant St. Clair stated that the "DAL security officer is not responsible for violence that may occur between inmates" and that an officer was assigned to DAL. Plaintiff comments that Defendant St. Clair failed to state that the officer on duty was also "working [the] Segregation Unit." According to Plaintiff, upon review of the grievance, Defendant Smith concurred with Defendant St. Clair. Plaintiff states that Defendant Ballard does "not care about Personal Safety or Protection from Inmate Assault at [KSR]. He do not care and look the other way. . . . KSR is a battlefield daily." Plaintiff further states that "[s]ecurity at KSR is very bad and they do not Applying the Standards policy of [KDOC]."

Plaintiff lists several assertions about the security conditions at KSR which he asserts contributed to him being assaulted. These include the following: (1) KSR fails to separate "the particularly violent or vulnerable, though prison officials are required always to separate inmate that are in a gangs"; (2) KSR fails to "provide adequate supervision of inmates"; (3) KSR overly relies on "open dormitory housing"; (4) KSR is overcrowded; (5) KSR fails to "take corrective action in response to high rates of assault or to particular patterns of Assault"; (6) KSR places inmates in reasonable fear for their safety because of the pervasive violence; (7) KSR has a very high rate of assault, and Defendant Smith 'look[s] the other way"; and (8) inmates incarcerated at KSR are "routinely subjected to violence, extortion, and Assault" which the guards are aware of but fail to respond to or ask Defendant Ballard for more guards.

Plaintiff fails to state what claims he is asserting. Notwithstanding this failure, the Court construes the complaint as alleging a failure-to-protect claim against all Defendants.

## II. **STANDARD OF REVIEW**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a

claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. Kentucky State Reformatory

Title 42 of the United States Code, Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a *person* acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). KSR is part of the KDOC. The KDOC is a

4

department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. *See* Exec. Order No. 2004-730 (July 9, 2004); Ky. Rev. Stat. § 12.250. A state and its agencies, however, are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Crockett v. Turney Ctr. Indus. Prison*, No. 96-6067, 1997 WL 436563, at *1 (6th Cir. Aug. 1, 1997) ("The prison is a state agency . . . . A state agency is not considered a 'person' subject to suit under 42 U.S.C. § 1983."). Because KSR is not a "person" under § 1983, the Court will dismiss the claims against KSR.

Additionally, the Eleventh Amendment[1] acts as a bar to all claims for relief against KSR. A state and its agencies, such as KSR, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-24 (1984); *Alabama v. Pugh*, 438 U.S. 781, 781-82 (1978). In enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). "[T]he Eleventh Amendment is a true jurisdictional bar" to such claims. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015).

Accordingly, the Court will dismiss KSR and all claims against KSR.

---

[1] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

**B. Official-Capacity Claims for Damages against Defendants Smith, St. Clair, and Ballard**

The official-capacity claims for damages against Defendants Smith, St. Clair, and Ballard will be dismissed on two bases. First, Defendants, as state officials and employees sued in their official capacity for damages, are absolutely immune from § 1983 liability under the Eleventh Amendment to the United States Constitution. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, these Defendants are not "persons" subject to suit within the meaning of § 1983 when sued in their official capacity for monetary damages. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim.

Consequently, the § 1983 official-capacity claims for monetary damages against Defendants Smith, St. Clair, and Ballard must be dismissed.

**C. Remaining Claims**

Upon consideration, the Court will allow the failure-to-protect claim against Defendants Smith, St. Clair, and Ballard in their individual capacities for damages and injunctive relief and in their official capacity for injunctive relief to proceed.

**IV. <u>CONCLUSION AND ORDER</u>**

For the reasons set forth more fully above, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) That KSR and the claims against it are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) since Plaintiff fails to state a claim upon which relief may be granted as to this

Defendant and pursuant to 28 U.S.C. § 1915A(b)(2) since Plaintiff seeks monetary relief from a Defendant who is immune from such relief; and

(2) That the official-capacity claims seeking monetary damages against Defendants Smith, St. Clair, and Ballard are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) since Plaintiff fails to state a claim upon which relief may be granted as to these Defendants and pursuant to 28 U.S.C. § 1915A(b)(2) since Plaintiff seeks monetary relief from Defendants who are immune from such relief.

The **Clerk of Court** is **DIRECTED** to terminate KSR as a Defendant in this action.

**IT IS FURTHER ORDERED** that the following claims shall proceed:

(1) The official-capacity claim for injunctive relief alleging a failure to protect against Defendants Smith, St. Clair, and Ballard; and

(2) The individual-capacity claim for failure to protect against Defendants Smith, St. Clair, and Ballard seeking damages and injunctive relief.

The Court will enter a separate Order Regarding Service and Scheduling Order governing the development of the continuing claims. In permitting these claims to continue, the Court passes no judgment on the merit and ultimate outcome of the action.

Date: July 5, 2017

*signature*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4414.003